FORM TO BE USED BY A FEDERAL PRISONER IN FILING A PETITION FOR
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:06-HC-2120



FILED
JUL 1 7 2006
CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

FRANK EUGENE MAY

V.                                              Inmate Number: 00082-005

UNITED STATES OF AMERICA, ET..AL.
PATRICIA R. STANSBERRY, WARDEN
F.C.I. BUTNER, MEDIUM

---

1. **Place of Detention:** F.C.I. Butner, P.O.Box 1000, Butner North Carolina 27509

2. **Name and location of court which imposed sentence:** District Court of Guam for the Territory of Guam.

3. **List the indictment number(s) (if known) upon which sentence was imposed and the offense(s) for which sentence was imposed:** Indictment No: 93-00024 **Count I** charged Importation of Cocaine in Violation of 21 U.S.C. 952(a), **Count II** charged Use of Communication Facility to Import Cocaine in Violation of 21 U.S.C. 843(b), **Count III** charged Felon in Possession of Firearm in Violation of 18 U.S.C. 922(g)(1)

4. **Give the date upon which sentence was imposed and the terms of the sentence:** Sentence was imposed on December 17, 1993 to a prison term of (327) months with a Supervised Release of three years to follow.

1

5. Check whether a finding of guilty was made:

   [X] After a plea guilty

   [ ] After a plea of not guilty

   [ ] After a plea of nolo contenders

6. If you were found guilty, check whether that finding was made by:

   [X] A jury

   [ ] A judge without jury

7. Did you appeal from judgment of conviction or the imposition of sentence?

   [X] Yes      [ ] No

8. If you answered "yes" to #7, list:

   a) The name of each court to which you appealed:

   1) <u>U.S. Court of Appeals for the Ninth Circuit</u>

   2) _____

   3) _____

   b) The results in each court to which you appealed, date of each result:

   1) <u>U.S. Court of Appeals for the Ninth Circuit, Affirmed Conviction on May 8, 1994.</u>

   2) _____

   3) _____

   c) If known, the citation of any written opinion(s) or order(s) entered pursuant to such results:

   1) <u>None</u>

   2) _____

   3) _____

9. State concisely the grounds on which you base your allegations that you are being held in custody unlawfully. <u>On Ground I, Petitioner claim of "Actual Innocence" is based on Constitutional grounds. Inso far as "Actual Innocence" posses a "Liberty Interest".</u>

10. State concisely and in the same order the facts which support each grounds set out in #9. <u>On December 17, 1993, following a trial by jury. The Petitioner was sentence in the U.S. District Court of Guam for Importation of Cocaine into the United States, in violation of 21 U.S.C. 952(a). Subsequently on June 6, 2003 the Ninth Circuit Court of Appeals(En Banc) ruled that drugs sent via mail from California to Guam on a non-stop flight through international airspace did not constitute "Importation" within the meaning of 21 U.S.C. 952(a). The **NEW RULING** by the Ninth Circuit Court of Appeals is an intervening retroactive legal change of the statute that convicted the Petitioner. The ruling now renders the Petitioner "Actual Innocent" of a violation of 21 U.S.C. 952(a) **Count I** of the charged Indictment, and **Count II** Use of Communication Facility to Import Cocaine in violation of 21 U.S.C. 843(b), which is a direct link to **Count I.**</u>

11. Have you previously filed petitions for habeas corpus, motion under 28 U.S.C. Section 2255, or any other applications, petitions or motions with respect to this conviction?   [x] Yes   [ ] No

3

Case 1:07-cv-00011  Document 21-4  Filed 05/09/2007  Page 3 of 13

## GROUND I

**PETITONER IS "ACTUALLY INNOCENT" OF A VIOLATION OF TITLE 21 U.S.C. 952(a) BECAUSE HE DID NOT IMPORT ILLEGAL CONTRANDBAND INTO THE UNITED STATES FROM A PLACE OUTSIDE THEREOF, AND IS PRESENTLY BEING HELD UNLAWFULLY AND ILLEGALLY BY RESPONDENTS IN VIOLATION OF THE CONSTITUTUION, OR THE LAWS AND TREATIES OF THE UNITED STATES.**

## FACTS IN SUPPORT

This United States District Court has jurisdiction to entertain this instant cause under Title 28 U.S.C. § 2241 (c)(3) and 18 U.S.C. 3231 being the nearest United States District Court in the district where the complaint of is had.

On or about March 23, 1993, petitioner Frank Eugene May, (Hereinafter) Petitioner, was indicted by a Federal Grand Jury in the United States District Court for the Territory of Guam and charged in a Three (3) Count Bill of Indictment, *Count I*, charged Importation of Cocaine in violation of 21 U.S.C. 952(a), *Count II*, charged Use of Communication Facility to Import Cocaine in violation of 21 U.S.C. 843(b), and *Count III*, charged Felon in Possession of Firearm in violation of 18 U.S.C. 922(g)(1) and 924(e).

The above charges against the Petitioner stem from a Federal Express package which was sent via mail from Corona, California to Tamuning, Guam (USA) and was received by the petitioner on February 2, 1993. The package traveled by air on an airplane and passed through international airspace in order to arrive in Guam (USA), which is owned by the United States of America, Therefore the Package was mailed from one U.S. location to another U.S. location.

i

However, prior to the Petitioner receiving the package on February 2, 1993 the package was previously inspected by Guam Customs and Quarantine Officers on January 31, 1993, and found to contain approximately 4.6 grams of a white powdery substance believed to be cocaine, approximately 2.3 grams of a white crystalline substance believed to be crack cocaine and approximately 7.4 grams of a green vegetable material believed to marijuana.

Subsequently, the Petitioner and his girlfriend Ms. Karen Jean Johnson was arrested and charged with the Importation of Cocaine into the United States from a place outside thereof in violation of U.S.C 952(a).

On March 23, 1993, a warrant and a superseding indictment was returned against the Petitioner and is girlfriend Ms. Karen Jean Johnson.

On May 12, 1993 the U.S. District Court appointed Attorney Kelly Clark to represent the Petitioner.

On May 14, 1993 Attorney Kelly Clark is relieved as Defense Counsel and the court appoints Counsel Daniel Sommerfleck to represent the Petitioner.

On July 19, 1993 Petitioner Motion to Suppress Statement s and Evidence from Warrantless search was heard and denied by the court.

On July 30, 1993 both Counsels stipulate that the Petitioner has Three (3) prior Felony Convictions as stated in the superseding indictment filed on March 23, 1993.

On August 2, 1993 a trial by jury was conducted in the United State District ourt for the Territory of Guam.

On August 3, 1993, the Petitioner was found guilty on *Counts I, II*, and *III* of the charged indictment.

On December, 1 1993, a Pre-sentence Report was prepared and the Petitioner was given Sixteen (16) days to review and file objections if any.

On or about December 17, 1993, the Petitioner was sentenced in the U.S. district Court of Guam by the Honorable Judge John S. Unpingco, to a term of imprisonment (327) months and a supervised release term of Three (3) years to follow.

Petitioner filed a timely Notice of Appeal and on May 8, 1994, the Ninth Circuit Court of Appeals issued its mandate in this case affirming the decision of the lower court.

On April 25, 1997, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255. The U.S. Government responded on May 15, 1997.

In the Petitioner's § 2255 petition, the Petitioner challenged the fact that the shipping of a controlled substance from California to Guam through International Airspace is not Importation into the United States. The U.S. District Court and the Ninth Circuit Court of Appeals used *United States v. Perez*, (citation omitted) which defines the Law in effect at the time of the Petitioners arrest, trial, and conviction, in the Ninth Circuit to deny the Petitioner any relief on his § 2255 Petition. Petition was denied on August 13, 1997. Petitioner's request for a Certificate of Appealability was also denied October 24, 1997.

Subsequently on or about June 6, 2003, the Ninth Circuit Court of Appeals sitting in *En Banc* overturned their prior rulings of *United States v. Perez*, (citation omitted). The Ninth Circuit's *En Banc* decision in *United States v. Cabaccang*, (citation omitted), established that the transit of drugs through International Airspace en-route from

California to Guam does not constitute "importation" within the meaning of Title 21 U.S.C. 952(a), even if it passed over international waters en-route to its destination.

Therefore, it is the Petitioner's contention that he is **"Actually Innocent"** of violating Title 21 U.S.C. 952(a), because he did not import any illegal controlled substance into the United States from a place outside thereof. Petitioner is presently being held unlawfully and illegally by the Respondents in violation of the U.S. Constitution and the Laws or Treaties of the United States.

The Cabaccang, decision is a Ninth Circuit, intervening substantive legal change in law in that circuit and should be fully retroactive to Petitioner.

12. If you answered "yes" to #11. list each petition, motion or application. The specific nature thereof:
    1) Habeas Corpus Pursuint to Title 28 U.S.C. Section 2255
    2) Certificate of Appealability (COA)
    3) Petition for a Writ of Mandamus

    a) The name and location of the Court in which each was filed:
       1) U.S. District Court of Guam, 520 West Soladad Ave, Agana Guam 96910.
       2) Court of Appeals, P.O.Box 193939, San Francisco, Ca 94119
       3) U.S. District Court of Guam, 520 West Soladad Ave. Agana Guam 96910.

    b) The disposition and date of each such disposition:
       1) (2255) was denied on August 13, 1997
       2) (COA) was denied on October 24, 1997
       3) Mandamus was denied on March 30, 2005

    c) The citations, if known, of any written opinion(s) or order(s) entered pursuint to each such disposition:
       1) Unknown
       2) Unknown
       3) Unknown

13. If you did not file a motion under 28 U.S. C. Section 2255, of if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

4

Petitioner falls under the 28 U.S.C. § 2255 "Savings Clause" alleging a claim of "actual innocence" for the first time, and such a claim can be raised at anytime and can never be "procedurally defaulted". See; Attached Memorandum of Law, pages 9-12.

14. Has any ground set forth in #9 been previously presented to this court or any other federal court by way of application for habeas corpus, motion under 28 U.S.C. § 2255, or any other petition, motion or application

    [X] Yes        [ ] No

15. If you answered "yes" to #14, identify:

    a)  Which grounds have been previously presented?

        1) Ground I
        2) _____
        3) _____

    b)  The proceeding in which each ground was raised:

        1) Habeas Corpus Pursuant to 28 U.S.C. § 2255
        2) _____
        3) _____

16. Were you represented by an attorney at anytime during the course of?

    a) Your arraignment and plea?   [X] Yes   [ ] No
    b) Your trial, if any?           [X] Yes   [ ] No
    c) Your sentence?                [X] Yes   [ ] No
    d) Your appeal, if any, from judgment or conviction or the position of sentence?   [X] Yes   [ ] No
    e) Preparation, presentation or consideration of any petition, motions applications with respect to this conviction which you file?
       [X] Yes   [ ] No

5

17. If you answered "yes" to one or more parts of #16, list:

   a) The name and address of each attorney who represented you:

   1) Daniel Sommerfleck, 135 Archbishop Flores St, Agana Guam

   2) Rebecca Donaldson, San Diego, California

   b) The proceeding at which each attorney represented you:

   1) Trial- Daniel Sommerfleck

   2) Appeal- Daniel Sommerfleck

   3) (2255)- Rebecca Donaldson

Signed this _10 th_ Day of _July_, 2006.

_____
Signature of Petitioner

**I declare under penalty of perjury that the forgoing is true and correct.**

08/10/06
07/10/06
Date _____
Signature of Petitioner

6

Frank Eugene May
Reg. No. 00082-005
F.C.I. Butner (Clemson)
P.O. Box 1000
Butner, North Carolina 27509

## Affidavit in Support of Writ of Habeas Corpus
## Pursuant to Title 28 U.S.C. § 2241

I Frank Eugene May, being first duly Sworn depose and say:

1) That I make the following statements in support of my Writ of Habeas Corpus. That I am of sound mind and body. That I am not under the influence of any drugs or alcohol. That no one threaten or bribed me into making these statements.

2) On February 2, 1993, was arrested for picking up a package that contained contraband at the Federal Express Corp. Office at the Guam International Airport.

3) This package was sent from Corona, California to Tamuning, Guam, both possessions of the United States of America.

4) I was charged with importing contraband into the United States and Use of Communications facility to facilitate, said Importation.

5) I went to jury trial and was found guilty of both, the before mentioned charges. On April 25, 1997, I filed a Petition for Habeas Corpus Pursuant to Title 28 U.S.C. § 2255 claiming that I did not Import contraband in the United States from any place outside thereof. But merely moved contraband from one U.S. location to another U.S. location.

6) I never believed my intent was to import anything into the United States because I was in the United States and the package was sent from the United States. Therefore, I did not intend to import any contraband into the United States at any time.

1

7) In 1997 in my first § 2255, I made the claim that I did not import contraband into the United States from a place outside thereof. Two Appellate Courts now agree that the act, of which I was charged with, is not importation into the United States. The Ninth Circuit in *United States v. Cabaccang*, 332 F.3d. 622 (9th.Cir.2003) and the First Circuit in *United States v. Ramiez-Ferrer*, 82 F.3d. 1131 (1st.Cir.1996).

8) I hope in the "*interest of justice*" that this Honorable Court hears my writ on its merits and grants me this writ. I have never had an "*unobstructed procedural*" shot at presenting my "*actual innocence*" claim and hope that **justice will be served and not blind, in this matter of my life.**

## Under The Penalty of Perjury

I Frank Eugene May, hereby swear under the penalty of the provisions of Title 18 U.S.C. 1621, that all the statements are both true and correct to the best of my knowledge and belief. And I hereby subject myself to the provisions of this Title on this 3rd day of July, 2006.

Frank Eugene May

## Stamp of the Notary

Signed and sworn before me on this 3rd day of July, 2006, witness my hand:

(Signature of Notary) April L Chanpin

In the County of Granville

My Commission Expires on May 12th, 2007

2



Frank MAY
Reg No. 00082-005
FCI Butner (medium)
P.O. Box 1000
Federal Correctional Institution
Butner, North Carolina 27509

Clerk of the Court
United States District Court
Eastern District of North Carolina
Office of the Clerk
P.O. Box 25670
Raleigh, North Carolina 27611