IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**
JUL 1 7 2006
CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

5:06-HC-2120-FL

| | |
|---|---|
| FRANK EUGENE MAY ) | CIVIL CASE NO: _____ |
| (PETETIONER) ) | |
| ) | |
| V. ) | CRIMINAL CASE NO: 93-00024 |
| ) | |
| UNITED STATES OF AMERICA, ET..AL ) | MEMORADUM OF LAW IN |
| PATRICIA R. STANSBERRY, WARDEN ) | SUPPORT OF PETITION FOR A |
| F.C.I. BUTNER, MEDIUM ) | WRIT OF HAPEAS CORPUS IN |
| (RESPONDENT) ) | PURSUANT TO 28 U.S.C. § 2241 |
| ) | |

## GROUND I

PETITIONER IS ACTUALLY INNOCENT OF A VIOLATION OF TITLE 21 U.S.C. 952(a) BECAUSE HE DID NOT IMPORT CONTRABAND INTO THE UNITED STATES FROM A PLACE OUTSIDE THEREOF AND IS PRESENTLY BEING HELD BY THE RESPONDENTS IN VIOLATION OF THE U.S. CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES.

Submitted by:
Frank Eugene May, Pro Se
Reg. No.00082-005
F.C.I. Butner (Medium)
P.O.Box 1000
Butner. North Carolina 27509

## INTRODUCTION

Title 28 United States Code § 2241(c)(3) provides that the Writ of Habeas Corpus shall not extend to a prisoner unless (3) He is in custody in violation of the Constitution or the Laws or Treaties of the United States......

## ISSUANCE OF WRIT

Title 28 United States Code § 2243, provides in pertinent parts the following, to wit.

> *"The writ or order to show cause shall be directed to the person having custody of the person detained; it shall be returned within Three (3) days unless for good cause additional time, not exceeding Twenty (20) days is allowed. When the writ or order is returned a day shall be set for hearing, not more than Five (5) days after the return unless for good cause additional time is allowed."*

Petitioner May respectfully requests that this Honorable Court will no doubt follow the stricture of both Titles (2241 & 2243) and take Judicial Notice that he is not a trained professional in the field of Law and that he is proceeding in this instant cause as a Pro Se litigant. Petitioner also respectfully requests that this Court view the herein pleadings under the standards established by the United States Supreme Court in ***Haines v. Kerner, 405 U.S. 591 (1972)*** and the Fourth Circuit's ***Gordon v. Leeke***, 574 F.2d. 1147 (4th 1978).
2

## JURISDICTION

This Honorable Court has jurisdiction to entertain this cause pursuant to Title 28 U.S.C. § 2241(c)(3) and 18 U.S.C. § 3231. As being the nearest United States District Court in the district where the Respondents are presently holding the Petitioner unlawfully and illegally in violation of the U.S. Constitution or Laws or Treaties of the United States. The Petitioner Frank Eugene May is presently incarcerated at the Butner Federal Correctional Institution, located in the Eastern District of North Carolina. Respondent Patricia R. Stansberry id the Warden at F.C.I. Butner, and is employed by the Federal Bureau of Prisons (BOP), under the direction of the United States Attorney General, (Alberto Gonzales). The Respondent has a principal place of employment and residence in the Eastern District of North Carolina. Therefore jurisdiction is properly cited.

## STATEMENT OF THE FACTS

(1) On March 23, 1993, Petitioner Frank Eugene May (Hereafter) Petitioner and his girlfriend (Ms. Karen Jean Johnson) were indicted by a Federal Grand Jury in the United States District Court for the Territory of Guam and charged in a Three (3) Count bill of Indictment for ***Count I***, Importation of Cocaine in violation of Title 21 U.S.C. 952(a), ***Count II***, charged the Use of Communication Facility to Import Cocaine, ***Count III*** , charged a Felon in Possession of Firearm in violation of 18 U.S.C. 922(g)(1) (with enhancement charge of 18 U.S.C. 924(e) for Petitioner).

(2) The above charges against the Petitioner arrives from the alleged mailing of a Federal Express package from Corona, California to Tamuning, Guam and was received by the Petitioner on February 2, 1993. The package traveled by airplane via a U.S. Carrier (Federal Express Inc.) and passed through international airspace, arriving in Guam a U.S. Territory that is owed by the United States of America. Therefore, the package was mailed from the one U.S. location (Corona, Calf.) to another U.S. location (Tamuning, Guam).

(3) At trail, no evidence was presented that the package was delivered any way other than a non-stop flight from California to Guam.

(4) However, prior to the Petitioner receiving the package on February 2, 1993, the package was previously inspected by Guam Customs and Quarantine Officers on January 31, 1993, and found to contain approximately 4.6 grams of a white powdery substance believed to be cocaine, approximately 2.3 grams of a white crystalline substance believed to be crack cocaine and approximately 7.4 grams of a green vegetable substance believed to be marijuana.

(5) On March 23, 1993 a warrant and a superseding indictment were returned against the Petitioner and his Girlfriend, Ms. Karen Jean Johnson.

(6) On May 12, 1993 the U.S. District Court appointed Attorney Kelly Clark to represent Petitioner.

(7) On May 14, 1993 Attorney Kelly Clark was relieved as Defense Counsel and the Court appointed Counsel Daniel Sommerfleck to represent Petitioner.

4

(8) On July 19, 1993, Petitioner's Motion to Suppress statements and Evidence from warrentless search was heard and denied by the court.

(9) On July 30, 1993, both Counsels stipulated that the Petitioner has Three (3) prior felony convictions as stated in the superseding indictment filed on March 23, 1993.

(10) On August 2, 1993, a trial by jury was conducted in the United States District Court for the Territory of Guam.

(11) On august 3, 1993, the Petitioner was found guilty on Counts I, II, and III of the charged indictment.

(12) On December 1, 1993, a Pre-Sentence Report was prepared and the Petitioner was given Sixteen (16) days to review and file his objections, if any.

(13) On or about December 17, 1993, the Petitioner was sentenced in the U.S. District Court of Guam by the Honorable Judge John S. Unpingco, to a term of (327) months an d a supervised release term of Three (3) years to follow.

(14) Petitioner filed a timely Notice of Appeal. On May 8, 1994, the Ninth Circuit Court of Appeals issued its denial and mandate in this case affirming the decision of the lower court.

(15) On April 25, 1997, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255. The Government responded on May 15, 1997.

(16) In the Petitioner's § 2255 Petition, the Petitioner challenged the fact that mailing of a controlled substance from California across international waters or airspace to Guam is not Importation of drugs into the United States. The

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


FILED
JUL 1 7 2006
CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

5:06-HC-2120-FL

| | |
|---|---|
| FRANK EUGENE MAY ) | CIVIL CASE NO:_____ |
| (PETETIONER) ) | |
| ) | |
| V. ) | CRIMINAL CASE NO: 93-00024 |
| ) | |
| UNITED STATES OF AMERICA, ET..AL ) | MEMORADUM OF LAW IN |
| PATRICIA R. STANSBERRY, WARDEN ) | SUPPORT OF PETITION FOR A |
| F.C.I. BUTNER, MEDIUM ) | WRIT OF HAPEAS CORPUS IN |
| (RESPONDENT) ) | PURSUANT TO 28 U.S.C. § 2241 |
| _____) | |

## GROUND I

PETITIONER IS ACTUALLY INNOCENT OF A VIOLATION OF TITLE 21 U.S.C. 952(a) BECAUSE HE DID NOT IMPORT CONTRABAND INTO THE UNITED STATES FROM A PLACE OUTSIDE THEREOF AND IS PRESENTLY BEING HELD BY THE RESPONDENTS IN VIOLATION OF THE U.S. CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES.

Submitted by:
Frank Eugene May, Pro Se
Reg. No.00082-005
F.C.I. Butner (Medium)
P.O.Box 1000
Butner. North Carolina 27509

## JURISDICTION

This Honorable Court has jurisdiction to entertain this cause pursuant to Title 28 U.S.C. § 2241(c)(3) and 18 U.S.C. § 3231. As being the nearest United States District Court in the district where the Respondents are presently holding the Petitioner unlawfully and illegally in violation of the U.S. Constitution or Laws or Treaties of the United States. The Petitioner Frank Eugene May is presently incarcerated at the Butner Federal Correctional Institution, located in the Eastern District of North Carolina. Respondent Patricia R. Stansberry id the Warden at F.C.I. Butner, and is employed by the Federal Bureau of Prisons (BOP), under the direction of the United States Attorney General, (Alberto Gonzales). The Respondent has a principal place of employment and residence in the Eastern District of North Carolina. Therefore jurisdiction is properly cited.

## STATEMENT OF THE FACTS

(1) On March 23, 1993, Petitioner Frank Eugene May (Hereafter) Petitioner and his girlfriend (Ms. Karen Jean Johnson) were indicted by a Federal Grand Jury in the United States District Court for the Territory of Guam and charged in a Three (3) Count bill of Indictment for ***Count I***, Importation of Cocaine in violation of Title 21 U.S.C. 952(a), ***Count II***, charged the Use of Communication Facility to Import Cocaine, ***Count III***, charged a Felon in Possession of Firearm in violation of 18 U.S.C. 922(g)(1) (with enhancement charge of 18 U.S.C. 924(e) for Petitioner).

## INTRODUCTION

Title 28 United States Code § 2241(c)(3) provides that the Writ of Habeas Corpus shall not extend to a prisoner unless (3) He is in custody in violation of the Constitution or the Laws or Treaties of the United States......

## ISSUANCE OF WRIT

Title 28 United States Code § 2243, provides in pertinent parts the following, to wit.

> *"The writ or order to show cause shall be directed to the person having custody of the person detained; it shall be returned within Three (3) days unless for good cause additional time, not exceeding Twenty (20) days is allowed. When the writ or order is returned a day shall be set for hearing, not more than Five (5) days after the return unless for good cause additional time is allowed."*

Petitioner May respectfully requests that this Honorable Court will no doubt follow the stricture of both Titles (2241 & 2243) and take Judicial Notice that he is not a trained professional in the field of Law and that he is proceeding in this instant cause as a Pro Se litigant. Petitioner also respectfully requests that this Court view the herein pleadings under the standards established by the United States Supreme Court in ***Haines v. Kerner, 405 U.S. 591 (1972)*** and the Fourth Circuit's ***Gordon v. Leeke***, 574 F.2d. 1147 (4th 1978).

grams of crack cocaine and 7.4 grams of marijuana which was mailed from Corona, California to Tamuning, Guam. The federal Express package arrived via a non-stop flight to Guam on February 2, 1993. Therefore, the Petitioner is **"Legally Innocent"** of Importation of drugs into the United States from a place outside thereof.

## THE § 2255 SAVINGS CLAUSE

In rare situations a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be *"inadequate or ineffective"*, to test the validity of his detention. Section § 2255 contains a *"savings clause"*, that allows federal prisoners to proceed under § 2241 when a motion under a § 2255 would be prove to be *"inadequate or ineffective"* to test the legality of detention.

The Fourth Circuit in ***In Re Jones***, 226 F.3d. 328, 333-34 (4th Circuit), established a criteria for prisoners to meet under the *"savings clause"* of § 2255 in order to proceed under a § 2241 petition. This Three (3) part test is as follows… (1) ***at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction,*** (2) ***subsequent to the prisoner's direct appeal and first § 2255 motion the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal***; and (3) ***the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.***

Here in this case, the Petitioner avers that he is legally innocent of the crime for which he has been convicted and has never had an **"unobstructed procedural"** shot at presenting this claim. See; ***Lorensten v. Hood***, 223 F.3d. 950-53 (9th Circuit 2000) (citing ***United States v. Pirro***, 104 F.3d 297-99 (9th Circuit). Petitioner argued this same exact

issue in his § 2255 petition in 1997, long before ***Cabaccang*** (2003) supra. The U.S. District Court of Guam denied petitioner's importation argument because at the time ***United States v. Perez***, 776 F.2d 797 (9th Circuit 1985) was controlling. Petitioner then Petitioned the U.S. District Court and the Ninth Circuit Court of Appeals for a Certificate of Appealibilty, which was denied. Therefore the record shows and proves that the Petitioner has never had an "*obstructive procedural*" shot at presenting this argument. See; the Ninth Circuit's ***Lorentsen*** I & II. And if the petitioner is denied the opportunity to present this claim in a U.S. District Court a "*miscarriage of justice*", will result absent review, See: ***Hubbard v. Pinchak***, 378 F.3d. 333 (3rd Circuit 2004), citing ***Murray v. Carrier***, 477 U.S. 478, 106 S.Ct. 2639, L.Ed.2d. 397, recently, the Supreme Court, as well as the Second and Third Circuits have stated that claims of "*actual innocence*" are never "*timed barred*" or "*procedurally barred*". See; ***Dretke v. Haley***, 124 S.Ct. 1847, 158 L.Ed.2d. 659(2004). (holding that a Federal Court faced with allegations of "*actual innocence*" whether of the sentence or the crime charged, must first address the non defaulted claims for comparable relief and other grounds to excuse the "*procedural default*', and the address the claims of "*actual innocence*"). ***Burrell v. United States***, 384 F.3d. 22 (2nd Circuit 2004) and ***Hubbard v. Pinchak***, (2004), supra. Any prisoner who has a credible claim of '*actual innocence*". connection with the conviction or sentence or credible evidence that he or she has been the victim of a "*miscarriage of justice*", can benefit from these decisions.

Here in the instant case, the Petitioner meets and passes the Three (3) part test of ***In Re Jones***, 226 F.3d. 328 (4th Circuit 2000), which allows him to proceed under the § 2255 savings clause because (1) at the time of the Petitioner's conviction, settled

10

law of the Ninth Circuit in ***United States v. Perez***, 776 F.2d. 797 (9th Circuit 1985), established the legality of his conviction, (2) subsequent to the Petitioner's direct appeal and first § 2255 motion the substantive law changed in ***United States v. Cabaccang***, 332 F.3d. 662 (9th Circuit 2003), such that the conduct of which the Petitioner was convicted is deemed not to be criminal, and (3) the Petitioner cannot satisfy the gatekeeping provisions of the § 2255 because the new rule is not one of constitutional law, it is a **Substantive Intervening Change of Circuit Law** that has retroactive effect.

## INADEQUATE OR INEFFECTIVE

As addressed above, the Petitioner clearly falls under the *"savings clause"*, of § 2255, and even arguendo, our reasoning concerning proving whether a section § 2255 is *"inadequate or ineffective"* is consistent with the Third Circuit holding in ***In Re Dorsainvil***, 119 F.3d. 245, 251 (3rd Circuit 1997), (holding that § 2255 remedy inadequate when intervening change in law decriminalized conduct and Petitioner is banned from filing a successive petition, as in the instant case.

Petitioner also believes that the Seventh Circuit's view considering the meaning of *"inadequate or ineffective"*, for purposes of § 2255 in ***In Re Davenport***, 147 F.3d. 605, 609-10 (7th Circuit 1998), the Circuit stated that "[A]", procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense, See; ***Davenport***, 147 F.3d. at 611 (emphasis added).

The Seven Circuit further explained when then may a Petitioner successfully argue that he is *"actually innocent"* under ***Davenport***, (1998), supra? The Circuit clarified

11

this standard by stating that *"actual innocence"*, is established when a Petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount(s) to a crime under the statute (as properly understood)". See; **_Kramer v. Olsen_**, 347 F.3d. 214 (7th Circuit 2003), and the case at bar.

*"Cause and Prejudice"*, is not an issue in the instant case because the Petitioner did argue this in his first § 2255 Petition some Six (6) years before **_Cabaccang_**, (2003). supra. However, the Petitioner now brings his **_Substantive Intervening Change of Circuit Law_** under the *"actual innocence standard"*.

Claims of *"actual innocence"*, can never be procedurally defaulted, See; **_Schlup v. Delo_**, 513 U.S. 298 (1995), and **_Dretke v. Haley_**, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 (2004). As mentioned above Petitioner did raise claim in his § 2255 petition. The Petitioner did not argue that he was *"actual innocent"*, of being a career offender in his section § 2255 petition but instead argued that he did not import illegal drugs into the United States from a place outside thereof. The Government argued that the Petitioner was guilty of violating Title 21 U.S.C. 952(a) under **_United States v. Perez_**, 776 F.2d.797 (9th Circuit 1985). Now comes **_United States v. Cabaccang_**, 332 F.3d. 622, (9th Circuit 2003) (En Banc), holding that the conduct for which the Petitioner was convicted of, is no longer criminal. Therefore, this claim of being *"actual Innocent"* of violating Title 21 U.S.C. 952(a), which is importation of illegal drugs into the United States from a place outside thereof is properly being raised in this instant habeas petition.

12

## GROUND I

**PETITIONER IS "ACTUALLY INNOCENT" OF A VIOLATION OF TITLE 21 U.S.C. 952(a), BECAUSE HE DID NOT IMPORT CONTRABAND INTO THE UNITED STATES FROM A PLACE OUTSIDE THEREOF AND IS PRESENTLY BEING HELD BY THE RESPONDENTS IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES.**

### SUPPORTING LAW

The Fifth and Fourteenth Amendments of the United States Constitution:

### ARGUMENT

Petitioner argues that he is presently being held in the Eastern District of North Carolina by the Respondents in violation of the Constitution or Laws or Treaties of the United States because he is *"actually innocent"* of the importation of illegal drugs into the United States from a place outside thereof in violation of Title 21 U.S.C. 952(a). Petitioner's *"actual innoce*nce" claim is based on the Ninth Circuit's, intervening, retroactive, substantive change in circuit law based on the substantive reach of a federal statute. See; ***United States v. Cabaccang***, 332 F.3d. 622 (9th. Circuit 2003) ( En Banc), (holding that the transit of drugs through international airspace en route from California to Guam did not constitute *"importation"* within the meaning of Title 21 U.S.C. 952(a) prohibiting importation of drugs into the Custom Territory of the United States from a place outside thereof. At trial, no evidence was presented that the package was delivered any other way than by Federal Express Corp., non-stop flight from California to Guam.

13

Title 21 U.SC. 952(a), states the following:

> *It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II, or V of sub-chapter I of this chapter....*

This case developed against the Petitioner out of a Federal Express Corp. package received by the Petitioner on February 2, 1993. However, prior to this date on January 31, 1993, Guam Customs Officer Darleen R. Merfalin, conducted an examination of all incoming packages trough Federal Express Corp. at the Guam International Airport. During Officer Merfalin's examination she located an international priority package approximately 11" by 15" in size bearing a Federal Express tracking number (400-4970-90696). The package was addressed to Frank May, P.O.Box 11214, Tamuning, Guam. 96931, C/O Kelly International. Officer Merfalin opened the package to conduct an examination of the package's contents. The package was found to contain a tan color padded mailing envelope. Inside the padded envelope contained Two (2) cardboard boxes. Inspection of the boxes at that time produced a small clear plastic bag containing marijuana. Box number Two contained Two (2) small Ziploc plastic bags. One bag containing what was determined to be cocaine. Pouch number Two (2) contained a crystal substance. The package was seized and place into the custody of Guam Customs.

Meanwhile, the Petitioner, contacted the Federal Express Corp. and inquired as to whether a package had come for Frank May, C/O Kelly International. Petitioner indicated that he was staying at the Regency Hotel and acknowledges that he would come and pick up the package. The contents of the package were resealed and then returned to the Federal Express office where arrangement was made to conduct a controlled delivery.

14

At 8:00a.m., on February 2, 1993, the manager at Federal Express Corp. contacted the Petitioner at the Regency Hotel and informed him that a package was there waiting for him at the Federal Express Office. Petitioner stated that he would come down and pick up the package within the next 30 to 60 minutes. At or about 8:48a.m. Petitioner drove to the Federal Express Office at the Guam International Airport and received the package. A mobile surveillance team was already at the airport as well as a team of officers were waiting in the Tumon area at the time Petitioner received the package.

Upon leaving the airport Petitioner was followed by the mobile surveillance team of officers. After obtaining food, Petitioner returned to the Regency Hotel at approximately 9:20a.m... Petitioner then proceeded to room 901-B at the Regency Hotel. Six officers along with the manager of the Regency Hotel proceed to room 901-B. Following a forced entry of the Petitioner's hotel room. The Petitioner and his girlfriend Ms. Karen Jean Johnson were arrested for importation of drugs into the United States from a place outside thereof in violation of Title 21 U.S.C. 952(a).

Petitioner was arrested on February, 2, 1993; he was indicted on March, 23, 1993, and was tried and found guilty by a jury on August 3, 1993. On December 17, 1993 the Petitioner was sentenced to a Federal Prison term of (327) months with a supervised release term of Three (3) years to follow.

Subsequently, the Ninth Circuit Court of Appeals, sitting (En Banc) on June 6, 2003, overruled their prior decision in *United States v. Perez*, 776 F.2d. 797 (9th. Circuit 1985). The Ninth Circuit decided in *United States v. Cabaccang*, 332 F.3d. 622 (9th. Circuit 2003)(En Banc) that the transit of drugs from California to Guam does [not]

15

constitute the crime of importation of a controlled substance into the United States from any place outside thereof, as defined in Title 21 U.S.C. 952(a).

The *Cabaccang* court concluded that the text and structure of the statute did not proscribe the transportation of drugs between Two (2) domestic locations within the United States, even if the travel included a flight through international airspace. Id at 636. The *Cabaccang* decision meant that the facts that had formed the predicate of Petitioner's guilty verdict no longer constituted a violation of Title 21 U.S.C. 952(a). Petitioner now moves to dismiss his importation charges based on the *Cabaccang* decision. Petitioner further states that there is no *"factual basis"*, underlying the charges for which he was convicted of in *Count I*, of the charged indictment. Therefore, *Count I*, of the indictment should be dismissed, against the Petitioner. However, *Count III* remains and charges a Felon in Possession of Firearm in violation of 18 U.S.C. 922(g)(1). Upon remand, this Honorable Court should decide or determine whether *Counts II* and *Count III* will stand or be dismissed also. *Count II* being a direct link to *Count I* should also be dismissed.

At the present, the Petitioner stands convicted of an act that the law does not make criminal. *Bously v. United States*, 523 U.S. 614, 620, 140 L.Ed.2d. 828, 118 S.Ct. 1604 (1998) (quoting *Davis v. United States*, 417 U.S. 333, 346, 41 L.Ed.2d.109, 94 S.Ct. 2298 (1974). This of course, means that the Petitioner is *"legally innocent"* of the crime for which he has been convicted or that he is *"factually innocent"* of the crime for which he is convicted. See; *Ivy v. Pontesso*, 328 F.3d. 1057 (9th. Circuit 2003), (amended opinion and order), (changing the term *"legally innocent"*). Where a subsequent court decision alters the prevailing interpretation of a statute and makes clear that the Petitioner's conduct did not violate the statute, hence the conviction must be vacated.

See: ***Davis v. Crabtree***, 10 F.Supp.2d.1136 (9th.Cir 1998); and ***Conley v. Crabtree***, 14 F.Supp.2d. 1203 (9th.Cir. 1998). Because the continued incarceration of an innocent person might constitute "*cruel and unusual punishment*". See: ***Treistmen v. United States***, 124 F.3d. at 378-79 (citing ***Herrera v. Collins***, 506 U.S. 390, 432n.2, 113 S.Ct. 853, 877n.2, 122 L.Ed.2d. 203 (1993) (Blackmun, J., dissenting), and to close off all avenues of redress in such cases, would likely constitute a violation of the Due Process Clause of the Fifth Amendment.

The Fourth Circuit has firmly stated that in order to convict a defendant of importation in violation of Title 21 U.S.C. 952(a). The Government is requires to prove beyond a reasonable doubt that the defendant knowingly and willfully, imported into the United States from any place outside thereof, a controlled substance. See: ***United States v. Seni***, 662 F.2d. 277,286 (4th.Cir. 1981) and ***United States v. Samad***, 754 F.2d. 1091, 1096 (4th. Cir. 1984).

This reasoning is squarely on point with the Ninth Circuit's opinion and ruling in ***United States v. Cabaccang***, 332 F.3d. 622 (9th.Cir. 2003) (En Banc), where the circuit court held that transit of drugs through international airspace en route from California to Guam did not constitute 'importation" within the meaning of statute prohibiting importation of drugs into the customs territory of the United States from any place outside thereof.

## PETITIONER STATES A CLAIM FOR RELIEF

Petitioner was arrested, tried, convicted and sentenced in a United States District Court in the Territory of Guam (USA), for allegedly importing illegal drugs into the United States. Ten (10) years following his sentencing the circuit court ruled that the conduct which convicted the Petitioner is no longer criminal. However, the Petitioner remains convicted of this non-crime to this very day, hence the conviction must be vacated. As it stands now, the Petitioner is "*actual innocent*" of the charge which the courts convicted him of. This violates the Petitioners' Fifth and Fourteenth Amendment rights to "*Due Process*" and "*Equal Protection*" of the law. It also could constitute "*cruel and unusual punishment*" under the Eighth Amendment of the United States Constitution. The Petitioner has now adequately stated a claim for relief.

## CONCLUSION

In concluding, the record is clear that the Petitioner, Frank Eugene May in this instant cause is "*actually innocent*" of the charge that he is presently incarcerated for, due to an intervening, substantive change of Ninth Circuit law which has "*retroactive*" effect. Petitioner May now stands convicted of conduct that the law deems not to criminal. This change of Ninth Circuit law affects the "*substantive rights*" of the Petitioner and will result in a complete, "*miscarriage of justice*" absent any review and relief. It would also violate the Petitioner's Fifth, Eighth, and Fourteenth Amendments

18

rights of the United States Constitution. Therefore, in closing the Petitioner respectfully requests the following relief.

## **RELIEF REQUESTED**

WHEREFORE, with all of the above Premises Considered, the Petitioner Frank Eugene May, requests that this Honorable Court issue an Order stating that his Petition for a Writ of Habeas Corpus is herby granted and that he be remanded for re-sentencing with out ***Count I*** (Importation of Cocaine in violation of 21 U.S.C. 952(a)) and ***Count II*** (Use of Communication Facility to Import Cocaine in violation of 21 U.S.C. 843(b)). ***Count II*** is a direct link to ***Count I***. and that Respondent Patricia R. Stansberry, who is the Warden at F.C.I. Butner, Medium where the Petitioner is currently being held in violation of the United States Constitution, must release the Petitioner in compliance to an Order of the this Court on the date mentioned on said Court Order. And grant to the Petitioner any such other relief as the law and United States Constitution may allow on this  10th  day of July, 2006.

Respectfully Submitted,

*/s/ Frank Eugene May*
Frank Eugene May
Reg. No. 00082-005
F.C.I. Butner, (Medium)
P.O.Box 1000
Butner, North Carolina 27509

## CERTIFICATE OF SERVICE

I, Frank Eugene May, hereby certify that I have caused the following Petition for a Writ of Habeas Corpus to be served upon the below mentioned party by placing the same into the Legal Mailbox here at F.C.I. Butner, (Medium), with the proper postage affixed, and properly addressed to the United States Court, for the Eastern District of North Carolina, Western Division, Office of the Clerk, P.O.Box 2560, Raleigh, North Carolina 27509. On this __10th__ day of July, 20006.

*[signature]*
Frank Eugene May
Reg. No. 000_2-005
F.C.I. Butner (Medium)
P.O.Box 1000
Butner, North Carolina 27509


United States District Attorney
For the Eastern District of North Carolina
Western Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, North Carolina 27601-1461