IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-HC-2120-FL

| | | |
|---|---|---|
| FRANK EUGENE MAY, | : | |
| Petitioner, | : | |
| v. | : | MEMORANDUM IN SUPPORT |
| | : | OF MOTION TO DISMISS |
| PATRICIA R. STANSBERRY, WARDEN, | : | PETITIONER'S 28 U.S.C. |
| et al., | : | § 2241 ACTION |
| Respondents. | : | |

The Respondents, by and through the United States Attorney for the Eastern District of North Carolina, submit this memorandum in support of their motion to dismiss Petitioner's 28 U.S.C. § 2241 action for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

BACKGROUND AND ARGUMENT

In 1994, a jury in the United States District Court for the Territory of Guam convicted Petitioner of importation of cocaine, use of a communication facility to import cocaine, and of being a felon in possession of a firearm, this in violation of 21 U.S.C. §§ 952 and 843(b), and 18 U.S.C. § 922(g)(1). Following sentencing, May appealed to the Ninth Circuit Court of Appeals where his convictions were affirmed. United States v. May, 52 F.3d 335, 1995 WL 215531 (9th Cir., April 10, 1995)(No. 94-10011, unpublished). Petitioner later filed an unsuccessful motion to vacate pursuant to

28 U.S.C. § 2255.[1] Presently incarcerated at Butner, May now files a writ pursuant to 28 U.S.C. § 2241, claiming that a change in Ninth Circuit law renders his convictions invalid.

A review of May's petition demonstrates that he is challenging his conviction in a manner which should occur only through a 28 U.S.C. § 2255 action. Although he seeks to avoid the requirements of § 2255 by filing an action pursuant to 28 U.S.C. § 2241 in this district where he is confined, the fact that Petitioner may be barred from filing another motion to vacate within the district of his conviction does not render his remedies under § 2255 inadequate or ineffective.[2] May's claim clearly relates to the validity of his sentence and is therefore governed by § 2255. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Also see In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)("The § 2255

---

[1] The Ninth Circuit Court of Appeals refused to grant a certificate of appealability when May appealed his § 2255 dismissal, (No. 97-17279), and the Ninth Circuit also denied a recent petition for Writ of Mandamus on March 30, 2005, (No. 05-71085).

[2] The Petitioner can still move the Ninth Circuit Court of Appeals for an order authorizing the District Court for the Territory of Guam to consider a successive habeas action under 28 U.S.C. § 2255; yet, even if a successive action is not permitted, this will not give May the right to present this challenge under 28 U.S.C. § 2241.

2

remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255."). Petitioners are not permitted to circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241. See In re Vial, 115 F.3d at 1194.

## CONCLUSION

Therefore, for all the reasons stated, Petitioner's 28 U.S.C. § 2241 action should now be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

Respectfully submitted this 15th day of August, 2006.

GEORGE E.B. HOLDING
Acting United States Attorney

BY: /s/Steve R. Matheny
STEVE R. MATHENY
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
N.C. State Bar No. 16381

3

CERTIFICATE OF SERVICE

I do hereby certify that I have this 15th day of August, 2006, served the foregoing upon the below-listed party by placing a copy in the U.S. Mail, addressed as follows:

>	Frank Eugene May
>	Reg. No. 00082-005
>	FCI BUTNER MEDIUM
>	Federal Correctional Institution
>	P.O. Box 1000
>	Butner, NC  27509

>	__/s/ Steve R. Matheny__
>	_____
>	Assistant United States Attorney
>	Civil Division