FILED
SEP 0 6 2006
US DISTRICT COURT EDNC
BY _____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| FRANK EUGENE MAY | ) | CIVIL CASE NO: 5:06-HC-2120-FL |
| (PETITIONER) | ) | |
| | ) | PETITIONER'S MEMORANDUM IN |
| v. | ) | SUPPORT OF HIS REPLY IN |
| | ) | OPPISITION TO THE GOVERNMENT'S |
| PATRICIA R. STANSBERRY, | ) | MOTION TO DISMISS |
| WARDEN, ET.AL, | ) | |
| (RESPONDENT) | ) | |

COMES NOW, the above named Petitioner with his reply memorandum in opposition to the Government's Motion to Dismiss. The first incorrect assertion made by the Government in it's memorandum in support of its Motion to Dismiss is that their review of the Petitioner's Title 28 U.S.C. § 2241 (c) (3), petition demonstrates that the Petitioner is challenging his conviction which should only occur through a Title 28 U.S.C. § 2255 action, is misplaced. See; (Government's memorandum to dismiss pg.2).

First and foremost, section § 2241 petitions must be filed in the district of the prisoner's incarceration. See; 28 U.S.C. § 2241 (a). Next, in this case, the Petitioner clearly falls within the "Savings Clause" of section § 2255. Section § 2255's "Savings Clause" is available for a "prisoner who had no earlier opportunity to challenge his conviction for a crime that an *Intervening Change In Substantive Law* may negate. See: *In Re Dorsainvil*, 119 f.3d. at 251. On the other hand, if Congress had not included the "Savings Clause" in section § 2255, it is arguable that a problem would exist under the Suspension Clause. See; U.S. Const. Art. 1 § 9, CL 2 (the Privilege of the Writ of Habeas Corpus shall not be suspended unless when in Cases of Rebellion or Invasion the Public Safety may require it);

1

c.f. *Swain v. Pressley*, 430 U.S. 372 381, 51 L.Ed.2d 411, 97 S.Ct. 1224 (1977) (stating that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the Writ of Habeas Corpus," in contravention of Article I § 9 of the Constitution). See; *Reyes-Requena v. United States*, 243 F.3d. 893(5th Cir.2001).

In the instant case, the Petitioner has clearly demonstrated that he falls under the "Savings Clause", established in *In Re Jones*, 226 F.3d. 328(4th Cir.2000). See; (Petitioner's Memorandum of Law In Support of § 2241 Petition at page 9 thru 11). Petitioner has also clearly demonstrated that a Section § 2255 is *inadequate or ineffective* to test the legality of his present detention. See; (petitioner's Memorandum of Law at page 11 & 12). Where a Habeas Corpus Petitioner has been convicted of violating a law and an **intervening decision** establishes that the Petitioner's conduct was not a violation of that law, then Habeas relief is appropriate. See; again *Davis v. United States*, 417 U.S. 333, 41 L.Ed. 2d. 109, 94 S.Ct. 2298 (1974). In this case, the Petitioner cannot file another section § 2255 and he does not qualify for a second or successive § 2255 petition, therefore the only habeas relief that is available to him is § 2241 habeas relief. See; *Davis* supra, and *Conley v. Grabtree*, 14 F.Supp.2d. 1203 (9th Cir.1998). If habeas relief is in fact due, to a defendant where an intervening Circuit Court's decision establishes that the defendant's conduct was not a violation of the law, then habeas relief as in the case at bar should be granted, for this is the law of the land.

Another reason why Petitioner in this instant cause qualifies for habeas relief is that he is "Actually Innocent", of the statute that convicted him. The Supreme Court firmly stated over and over again that claims of "Actual Innocence" are [not] "time barred" or

2

"Procedurally barred" and may be raised at any time by way of habeas corpus. Whether the Petitioner is "Actual Innocent" ,"Legally Innocent" or "Factually Innocent", is a question for this Honorable Court to answer. See; (the Petitioners memorandum of law page 2), (citing): ***Schlup v. Delo***, 513 U.S. 298 (1995); and ***Dretke v. Haley***, 124 S.Ct. 1847, 1852, L.Ed.2d.659 (2004). Since the Petitioner's "Actual Innocence" claim qualifies him for habeas relief. Here the Petitioner falls into the narrow set of circumstances in which an individual who is precluded by the AEDPA and Title 28 U.S.C. § 2253, from obtaining relief under § 2255 may seek relief under § 2241 instead. See; ***United States v. Lorentsen***, 106 F.3d. 278 (9thCir. 1997) ( **Lorentsen I** ) and ***Lorentsen II***, Civil No:97-897-ST (Order of March 25, 1998); ***Davis v. Crabtree***, 923 F.Supp 166 ( D.Or.1998): ***Triestman v. United States***, 124 F.3d. 361 (2nd Cir. 1997), and ***Conley v. Crabtree***, 14 F.Supp 2d 1203 (9th Cir. 1998). In cases such as ***Triestman, Lorentsen*** and the case at bar where a subsequent court decision alters the prevailing interpretation of a statute and makes clear that the Petitioner conduct did not violate the statute hence the conviction must be vacated, Therefore the Petitioner in this case should be allowed to proceed in this Honorable Court with this instant Title 28 U.S.C. § 2241 Habeas petition. This should put to rest the issue of whether the petitioner qualifies for § 2241 relief.

Here in the Fourth Circuit, if there has ever been a case that clearly meets the criteria established in ***In Re Jones***, 226 F.3d. 328 (4th Cir. 2000) it's the instant case at bar. Petitioner walked us through each of the Three (3) part test in his (Memorandum of Law) beginning at the bottom of the page 10. In order to bring clarity and complete understanding concerning the showing of whether a section § 2255 is inadequate or

3

ineffective. Petitioner doesn't mind restating how he qualifies under the § 2255 "Savings Clause" to proceed under § 2241.

A § 2255 motion is inadequate or ineffective, when three criteria are met. (1) at the time of the Petitioner's conviction, settled law of the ninth Circuit in *United States v. Perez*, 776 F.2d. 797 (9th.Cir.1985), Established the legality of his conviction, (2) subsequent to the Petitioner's direct appeal and first § 2255 motion the substantive law changed in United *States v. Cabaccang*, 332 F.3d. 662 (9th Cir.2003), such that the conduct of which the Petitioner was convicted is deemed not to be criminal, and (3) the Petitioner cannot satisfy the gatekeeping provisions of the § 2255 because the new rule is not one of constitutional law it is a substantive intervening change of circuit law that has retroactive effect. Therefore, the Petitioner in this matter should be allowed to proceed in this instant cause under Title 28 § 2241. These above stated facts and law of the Fourth Circuit should foreclose any further arguments made in opposition concerning *In Re Jones*, and the § 2255 "Savings Clause". The Petitioner definitely meets and passes the "Saving Clause" test announced in *In Re Jones*, supra.

## CONCLUSION AND RELIEF

Prisoners who are confined must file their Title 28 U.S.C. § 2241, Petitions in district in which they are being held. See; Title 28 U.S.C. 2241 (a), and *United States v. Snow*, 748 F.2d. 928, 933 (4th Cir.1984). Jurisdiction of a petition for a writ of habeas corpus lies either in the district of physical confinement or in the district in which custodian against whom petition is directed is present. See; *Boone v. U.S.Parole Commission*, 648 F.Supp. 480 (D.MD.1986).

4

This United States District Court has the jurisdiction to entertain this cause of action as being the nearest U.S. District Court in the district where the Petitioner is being held unlawfully and illegally in violation of the U.S. Constitution or the Laws or Treaties of the United States. The issue of jurisdiction can be put to rest in this instant case.

Petitioner has also shown and proved that he clearly qualifies to file a § 2241 (c) (3) Writ of Habeas Corpus under the § 2255 "Savings Clause", established by this (4th Circuit) in ***In Re Jones***, supra. Petitioner passes the Three (3) part test with flying colors. Also, the Petitioner has shown and proved the he is "*Actually Innocent*" of violating the statute Title 21 U.S.C. 952 (a) that convicted him through an "*Intervening Change in Law*"

WHEREFORE, with all the above Premises Considered, the Petitioner respectfully requests that this most Honorable Court issue an Order denying and dismissing the Governments Motion to Dismiss the petitioner's 28 U.S.C. 2241 (c) (3) Writ of Habeas Corpus for lack of jurisdiction and grant the Petitioner's writ and dismiss Count I & Count II of the charged indictment and issue an Order to the Respondent to release the Petitioner from their unlawful custody. And grant to the Petitioner any other such relief as the law and the U.S. Constitution may allow on this 31st day of August, 2006.

Respectfully Submitted

Frank Eugene May
Reg. No. 00082-005
F.C.I. Butner (Med)
P.O. Box 1000
Butner, North Carolina 27509

5

## CERTIFICATE OF SERVICE

I, Frank Eugene May, hereby certify that I have caused the foregoing **Memorandum In Support of His Reply In Opposition**, to be served upon the below mentioned party by placing the same into the legal Mail here ay F.C.I. Butner (Med #1) with the proper postage affixed, marked First-Class with the return receipt requested and properly addressed to the United States District Court for the Eastern District of North Carolina, Western Division, Office of the Clerk, P.O.Box 25670 Raleigh, North Carolina 27509, on this 31 st day of August, 2006.

Respectfully Submitted

Frank Eugene May
Reg. No. 00082-005
F.C.I. Butner (Med #1)
P.O.Box 1000
Butner, North Carolina 27509

Party Served:
United States District Attorney
AUSA Steve R. Matheny
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461