IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-HC-2120-FL

| | |
|---|---|
| FRANK EUGENE MAY, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
|     Respondents. | ) |

This matter is before the court on the motion to dismiss (DE # 5) of respondent Patricia R. Stansberry (hereinafter "respondent") pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is ripe for adjudication. For the following reasons, the court denies respondent's motion to dismiss.

STATEMENT OF THE CASE

On August 3, 1993, in the United States District Court for the Territory of Guam, petitioner was convicted of importation of cocaine, use of a communication facility to import cocaine, and of being a felon in possession of a firearm pursuant to 21 U.S.C. §§ 952 and 843(b), and 18 U.S.C. § 922(g)(1), respectively. Pet'r's mem. in supp. of pet. p. iii. On December 17, 1993, petitioner was sentenced to a term of three hundred twenty-seven (327) months imprisonment, with a three-year term of supervised release. Id. Petitioner thereafter filed a timely appeal to the Ninth Circuit Court of Appeals, which affirmed petitioner's conviction on April 10, 1995. See United States v. May, 52 F.3d 335 (9th Cir. April 10, 1995) (unpublished).

Following the court of appeal's decision, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Territory of

Guam. Pet'r's mem. in supp. of pet. p. iii. In his § 2255 motion, petitioner argued that the precedent governing his conviction, United States v. Perez, 776 F.2d 797 (9th Cir. 1985), was incorrect because the shipping of a controlled substance from California to Guam through international airspace does not constitute importation within the terms of 21 U.S.C. § 952(a). Id. This motion was denied. Id. Petitioner states that he subsequently filed a certificate of appealability and a petition for a writ of mandamus, both of which were denied. Id.

On July 17, 2006, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner contends that he is actually innocent of his importation of cocaine conviction pursuant to the Ninth Circuit Court of Appeal's ruling in United States v. Cabaccang, 332 F.3d 622, 637 (9th Cir. 2003). Petitioner asserts that Cabaccang overruled Perez--the law in effect at the time of his conviction. Respondent filed a motion to dismiss on August 15, 2006, arguing that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner filed a response on September 6, 2006.

DISCUSSION

I.  Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). A complaint should not be dismissed unless it clearly appears that the petitioner can show no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 46-47 (1957). Indeed, a court should not dismiss a complaint that states a claim, even if

2

it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

II.     Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Petitioner alleges that his pleadings satisfy the Jones test because, subsequent to his conviction, the Ninth Circuit Court of Appeals in Cabaccang held that the conduct for which petitioner was convicted was deemed not to be criminal. Petitioner also alleges that the ruling in

3

Cabaccang is not one of constitutional law. This court finds that these allegations are sufficient to satisfy the Jones test. Because petitioner's allegations satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he may proceed with his claim pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 5) is DENIED.

SO ORDERED, this the 15 day of January, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

4