IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-HC-2120-FL

| | | |
|---|---|---|
| FRANK EUGENE MAY, | : | |
| | : | |
| Petitioner, | : | |
| | : | MEMORANDUM IN SUPPORT |
| v. | : | OF RESPONDENT'S MOTION |
| | : | TO TRANSFER THIS 28 |
| PATRICIA R. STANSBERRY, WARDEN, | : | U.S.C. § 2241 ACTION |
| et al., | : | TO THE DISTRICT OF |
| | : | PETITIONER'S SENTENCING |
| Respondents. | : | |

The Respondents, by and through the United States Attorney for the Eastern District of North Carolina, respectfully submit this memorandum in support of their motion to transfer the 28 U.S.C. § 2241 action to the district of Petitioner's sentencing, the United States District Court for the Territory of Guam. 28 U.S.C. § 1631.

BACKGROUND AND ARGUMENT

In 1994, a jury in the United States District Court for the Territory of Guam convicted Petitioner of importation of cocaine, use of a communication facility to import cocaine, and of being a felon in possession of a firearm, this in violation of 21 U.S.C. §§ 952 and 843(b), and 18 U.S.C. § 922(g)(1). Following sentencing, May appealed to the Ninth Circuit Court of Appeals where his convictions were affirmed. United States v. May, 52 F.3d 335, 1995 WL 215531 (9th Cir., April 10, 1995)(No. 94-10011, unpublished). Petitioner later filed an unsuccessful motion to vacate pursuant to

28 U.S.C. § 2255. Presently incarcerated at Butner, May recently filed a writ pursuant to 28 U.S.C. § 2241, claiming that a change in Ninth Circuit law rendered his convictions invalid.

The Respondents initially moved to dismiss the action for lack of jurisdiction, asserting that Petitioner was challenging his conviction in a manner which should only occur through 28 U.S.C. § 2255. The Government further noted that Petitioner did not appear to have previously moved the Ninth Circuit Court of Appeals for an order authorizing the District Court for the Territory of Guam to consider a successive habeas action under 28 U.S.C. § 2255. In an Order filed on January 17, 2007, this Court denied the Government's motion to dismiss for lack of jurisdiction, and found Petitioner could properly bring his complaints under 28 U.S.C. § 2241, because § 2255 was considered by the Court to be "inadequate or ineffective."

Mr. May's arguments are based on a Ninth Circuit case, United States v. Cabaccang, 332 F.3d 622 (9th Cir. 2003), which he maintains should have retroactive application to his earlier Guam convictions. Although a review of Cabaccang does not seem to indicate that case was intended to have retroactive application, and the decision also was not the focus of an appeal or ruling by the United States Supreme Court; nonetheless, a review of this unique issue can best be conducted in the district where Petitioner was convicted and sentenced.

2

Other district courts have found that once a determination has been made that a petition may proceed under § 2241, the case should "be transferred to the district in which the petitioner was convicted and sentenced." See, e.g., Conley v. Crabtree, 14 F.Supp.2d 1203, 1206 (D.C.Or. 1998). See also Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982)(finding that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence). This Court, similarly, should exercise its discretionary authority to transfer the matter to the United States District Court for the Territory of Guam. "Unlike a traditional change of venue analysis in a civil case, there is no presumption in favor of the plaintiff's forum choice nor must the government make 'a strong showing of inconvenience.'" Conley, 14 F.Supp.2d at 1207 n.1.

In most instances in which a Petitioner is claiming that he was innocent of a crime, the Government will want to contest the claim. "Actual innocence means factual innocence, not mere legal insufficiency." [As a result], "the Government is not limited to the existing record to rebut any showing that petitioner might make." See Bousley v. United States, 523 U.S. 614, 623-24 (1998)(internal quotes omitted). The court which sentenced Petitioner, and its prosecutors, its probation office, and its defense bar, are all obviously best positioned to consider these matters and to deal with any subsequent proceedings which may

3

become necessary, particularly since the relevant documents, records, and witnesses are located in that district.

As Petitioner had multiple convictions, even if this Court were to ultimately rule that some of his Guam convictions were invalid, it would still likely be necessary to transfer the case back to Guam for resentencing or for any final disposition. Inter-circuit conflicts are quite probable under those circumstances. Further, issues on appeal might later arise, and courts within either district could be tasked with choosing between applications of Ninth and Fourth Circuit law. Additionally, as a practical matter, there really are no cases in the Fourth Circuit which have actually dealt with the factual scenario outlined in Cabaccang, as that question stems solely from the Ninth Circuit's unique geography.

Transfer is also totally consistent with the dichotomy which Congress has established between the responsibilities of a sentencing court and those of the courts in the district of incarceration. See United States v. Hayman, 324 U.S. 205 (1952)(discussing the purposes behind § 2255). In summary, this Honorable Court, having already made the threshold determination that May's § 2241 petition was properly filed in the district of his confinement, should now transfer the action to the district where he was convicted and sentenced. The District Court of Guam can then consider the Cabaccang challenge, and determine how, or to

4

what extent, that case impacts Petitioner's convictions.

CONCLUSION

WHEREFORE, for all the reasons stated, the Respondents respectfully submit that this Court should exercise its discretion to transfer Petitioner's 28 U.S.C. § 2241 action to the United States District Court for the Territory of Guam.

Respectfully submitted this 2nd day of March, 2007.

GEORGE E.B. HOLDING
United States Attorney

BY: __/s/Steve R. Matheny__
    STEVE R. MATHENY
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
N.C. State Bar No. 16381

5

CERTIFICATE OF SERVICE

I do hereby certify that I have this 2nd day of March, 2007, served the foregoing upon the below-listed party by placing a copy in the U.S. Mail, addressed as follows:

>   Frank Eugene May
>   Reg. No. 00082-005
>   FCI BUTNER MEDIUM
>   Federal Correctional Institution
>   P.O. Box 1000
>   Butner, NC  27509

                                        __/s/Steve R. Matheny__
                                        Assistant United States Attorney
                                        Civil Division

6

Case 1:07-cv-00011   Document 21-16   Filed 05/09/2007   Page 6 of 6