IN THE UNITED STATES DISTRICT COURT
FOR THE EASTEREN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
MAR 1 9 2007
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

No: 5:06-HC-2120-FL

| | |
|---|---|
| FRANK EUGENE MAY, ) | |
| ) | |
| Petitioner, ) | PETITIONER'S MEMORADUM |
| ) | IN SUPPORT, IN OPPOSITION OF |
| v. ) | RESPONENT'S MOTION TO |
| ) | TRANSFER 28 U.S.C. § 2241 |
| UNITED STATES OF AMERICA, ) | ACTION TO THE DISTRICT OF |
| ) | PETITIONER'S SENTENCING |
| Respondent, ) | |
| ) | |

COMES NOW, the above named Petitioner with his reply memorandum in opposition to the Respondent's Motion to Transfer **28 U.S.C. § 2241** Action to the District of Petitioner's Sentencing under **28 U.S.C. § 1631**.

## BACKGROUND

Petitioner, asks this Honorable Court to except all statements of the facts, backgrounds, and arguments from his Memorandum of Law in Support of Petition for a Writ of Habeas Corpus pursuant to **28 U.S.C. § 2241** submitted to this court on July 17, 2006 along with the following, and all other motions, and memorandums submitted by Petitioner, be adopted to this memorandum, so as not to be repetitive and time consuming. Petitioner believes this Honorable Court is well aware of Petitioner's background and the facts of this case.

1

**ARGUMENT**

The Respondent is requesting this Honorable Court to transfer Petitioner's **28 U.S.C. § 2241** action to the United States District Court for the Territory of Guam.

A Writ of Habeas Corpus through Title **28 U.S.C. § 2241** first and foremost must be filed in the district of the prisoner's incarceration, **28 U.S.C. § 2241 (a)**. Petitioner has done that, and this Honorable Court has accepted jurisdiction of Petitioner's **28 U.S.C. § 2241** in its Order dated January 17, 2007 showing that he met, all of the 3 prong test of *In Re Jones*, 226 F.3d. 328 (4th Cir. 2000). Clearly demonstrating that a Section § 2255 is *inadequate or ineffective* to test the legality of his present detention.

> Title **28 U.S.C. § 1631** statute reads, in applicable part:
> **Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in . . . the court from which it was transferred. 28 U.S.C. § 1631.**

The Respondent clearly is asking this Honorable Court to transfer Petitioner's action for the wrong reasons. There is no "want of jurisdiction", this Honorable Court has found that it has jurisdiction to hear this action. To transfer the case under **28 U.S.C. § 1631**, this court must first determine: (1) if there is another court in which the action could have been brought at the time it was originally filed, and (2) whether a transfer is in the interests of justice.

The court to which the respondent wants to transfer action is not "such a court in which the action could have been brought at the time it was filed" Petitioner's motion was properly filed pursuant to **28 U.S.C. § 2241** in the district of his confinement rather than in the sentencing court.

2

This is a Writ of Habeas Corpus under Title **28 U.S.C. § 2241** not a **28 U.S.C. § 2255**. Petitioner would not have been allowed to file a **28 U.S.C. § 2241** in the United States District Court for the Territory of Guam, because he is housed in the jurisdiction of this Court. As to the "interest of justice" part of **28 U.S.C. § 1631** it would be totally against that principle by allowing this case to be transferred for the following reasons. Petitioner is an incarcerated prisoner in the Federal Bureau of Prisons, currently housed at the Low Security Institution in Butner, North Carolina approximately 10,000 miles, and not to mention a 14 hour time zone difference from the United States District Court for the Territory of Guam. Petitioner is a pro se litigant and trying to have 2 counts of his indictment dismissed because he is "actually innocent" of those counts, and then have his sentence corrected to reflect that.

Federal law is federal law no matter whether a person is in North Carolina, or California and it should apply to all. Petitioner doesn't have unlimited resources as in E-mail, fax machines, unlimited telephone access, and the complete gambit of electronic communications at his deposal, like the Respondent's do, and it would put a tremendous obstacle course and burden in front of the Petitioner if this action were allowed to be transferred. The Respondent's do not have to call any witnesses, or examine evidence, etc. It is clearly a question of law that can and should be addressed by this Honorable Court.

Judicial economy, convenience, concerns for federalism, and fairness to litigants, and other factors that should be taken in to account are, any prejudice or hardship to litigants, and the amount of litigation that has already taken place, and the like. To transfer this action would be against all of this.

3

Petitioner trusts and believes that this court can make a decision as to the merits of this case. With **_United States v. Cabaccang_**, 332 F.3d 622, clarified by 341 F.3d 905 (9th Cir. 2003) (en banc), and in **_United States v. Ramirez-Ferrer_**, 82 F.3d 1131, 1137 (1st Cir. 1996) (en banc) as a starting point. These two cases govern the rule of law in 13 states and numerous territories of the United States and should lend plenty of guidance to this court as to the merits of this case.

The Respondent asks this court to transfer this action because it involves 9th Circuit case law, yet in their argument for transfer they only cite **_Conley v. Crabtree_**, (citation omitted) a case out of Oregon and **_Bell v. Watkins_**, (citation omitted) a case from the 5th Circuit Court of Appeals and (2) cases from the Supreme Court in **_Bousley v United States_**, (citation omitted) and **_United States v. Hayman_**, (citation omitted), no 4th Circuit Cases at all. So Petitioner's cite of 9th Circuit case law should be no problem for the Respondent, in truth, to review.

A Title **_28 U.S.C. § 2241_** petition must be brought in the district in which petitioner is incarcerated, see **_In re Jones_**, 226 F.3d 328, 332 (4th Cir. 2000), and Petitioner is presently incarcerated in Butner, North Carolina. The Fourth Circuit has examined the prerequisites for finding that section 2255 is an inadequate or ineffective remedy. See **_In re Jones_**, supra. In Jones, the court held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; **(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and** (3) the prisoner cannot satisfy the gate keeping provisions of § 2255 because the new rule is not one of constitutional law.

Petitioner was able to meet all three of these prongs and has shown that there has been a **substantive law change that applies retroactively** to decriminalize his criminal conduct. See *United States v. Cabaccang*, supra. Because petitioner has satisfied the criteria set forth in Jones, for demonstrating that section § 2255 is an "inadequate or ineffective remedy," he may proceed with his claim pursuant to **section § 2241**. This was found to be the case by this Honorable Court through its Order dated January 15, 2007.

As stated earlier by Petitioner, it is a question of Federal law and it is clearly laid out as to the laws and retroactivity to Petitioner's claims in his Writ of Habeas Corpus. See Petitioner's Memorandum in Law in support of Writ of Habeas Corpus **28 U.S.C. § 2241** pp. 7 thru pp.11. also pp.13 thru 18. Also see, *United States v. Tayman*, 885 F.Supp. 832, (E.D.Va.1995) the court enumerates a large consortium of cases that deal with the retroactivity of a substantive change in law in its footnotes.

See *Chambers v. United States*, 22 F.3d 939, 942-43 (9th Cir. 1994), opinion vacated on other grounds, 47 F.3d 1015 (1995); *United States v. Sood*, 969 F.2d 774, 775 (9th Cir. 1992); *United States v. McClelland*, 941 F.2d 999, 1001 (9th Cir. 1991); *Callanan v. United States*, 881 F.2d 229, 231-32 (6th Cir. 1989), cert. denied, 494 U.S. 1083, 108 L. Ed. 2d 946, 110 S. Ct. 1816 (1990); *Belt v. United States*, 868 F.2d 1208, 1210-11 n.2 (11th Cir. 1989), aff'g 679 F. Supp. 1088, 1090-91 (M.D.Fla. 1988); *United States v. Osser*, 864 F.2d 1056, 1058-59 (3d Cir. 1988); *United States v. Shelton*, 848 F.2d 1485, 1488-90 & n.3 (10th Cir. 1988); *Ingber v. Enzor*, 841 F.2d 450, 453-54 (2d Cir. 1988); *United States v. Bonnette*, 781 F.2d 357, 363-64 (4th Cir. 1986); *McClain v. United States*, 643 F.2d 911, 913 (2d Cir.), cert. denied, 452 U.S. 919, 69 L. Ed. 2d 424, 101 S. Ct. 3057 (1981); *United States v. Loschiavo*, 531 F.2d 659, 662-67 (2d Cir. 1976)

To cite a few for this court. See, *United States v. Hayman*, 342 U.S. 205, 223, 96 L. Ed. 232, 72 S. Ct. 263 (1952) ("In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing."). Respondent's cite number of this case is in error, it is **342** U.S. 205, not **324** U.S. 205.

5

In the government's motion they state "although a review of *Cabaccang* does not seem to indicate that case was intended to have retroactive application and the decision also was not the focus of an appeal or ruling by the United States Supreme Court" is without looking. See dissent opinion in *Cabaccang* "Our decision requires it to revamp those strategies and may well derail investigations or prosecutions already underway -- even convictions already obtained. See *Bousley v. United States*, 523 U.S. 614, 619-21, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998) (**holding *Teague v. Lane* non-retroactivity principles inapplicable to interpretation of substantive rules of criminal law).**" So it was noted by the En Banc Court of Cabaccang that it could possibly be retroactively applied to cases decided earlier.

Also this court should be guided by the fact that Petitioner did argue the importation counts in his Writ of Habeas Corpus Pursuant to Title **28 U.S.C. § 2255** on April 25, 1997, six (6) years before *Cabaccang*, using *United States v. Ramirez-Ferrer*, supra, so even if there were a retroactivity problem it should not be an issue as to Petitioner's merits because of the **substantive change in law** since then. He was able to meet the second prong of *In Re Jones*, supra, and should be found *"actually innocent"* of *Count I*, Importation of Cocaine in violation of Title **21 U.S.C. § 952(a)** and *Count II* use of Communication Facility to Import Cocaine in violation of *21 U.S.C. 843(b)* a direct link of *Count I*, using the rule's

## CONCLUSION

Petitioner would ask that this Honorable Court deny the Respondents Motion to Transfer **28 U.S.C. § 2241** Action to the District of Petitioner's Sentencing under **28 U.S.C. § 1631**, for the reasons listed above and rule in Petitioner's favor as to the dismissal of *Count I* and *Count II* of his indictment.

6

Petitioner should be re-sentenced to time served as to the remaining *Count III*, Felon in Possession of Firearm in violation of 18 U.S.C. 922(g)(1) (with enhancement charge of 18 U.S.C.924(e)). Petitioner has served enough time to satisfy the sentence to *Count III* of 15 years. Therefore, in closing the Petitioner respectfully requests the following relief.

## RELIEF REQUESTED

WHEREFORE, with all of the above Premises Considered, Petitioner Frank Eugene May, requests that this Honorable Court issue an Order stating that the Petition for a Writ of Habeas Corpus is hereby GRANTED and that he be remanded for re-sentencing with out *Count I* (Importation of Cocaine in violation of 21 U.S.C. 952(a) and *Count II* (Use of Communication Facility to Import Cocaine in violation of 21 U.S.C. 843(b). *Count II* is a directly linked to *Count I*, and that Respondent Patricia R. Stansberry, who is the Warden at the Low Security Correctional Institution Butner, where the Petitioner is currently being held in violation of the United States Constitution, must release the Petitioner in compliance to an Order of this Court on the date mentioned on said Court Order. And grant to the Petitioner time served and or any other relief as the Law and Constitution may allow on this 16th day of March, 2007.

Respectfully Submitted,

Frank Eugene May
Reg. No. 00082-005
Low Security Correctional Institution
P.O.Box 999
Butner, North Carolina 27509

7

## CERTIFICATE OF SERVICE

I, Frank Eugene May, hereby certify that I have caused the foregoing, Opposition to the Government's Motion to Transfer 28 U.S.C. § 2241 Action to the District of Petitioner's Sentencing, to be served upon the below mentioned party by placing the same into the Legal Mail here at LSCI Butner with the proper postage affixed, marked First Class properly addressed to Assistant United States Attorney, Steve R. Matheny, Civil Division, 310 New Bern Avenue, Suite 800, Raleigh, North Carolina 27601-1461.

Respectfully submitted this 16th day of March, 2007

Frank Eugene May
Reg. No. 00082-005

8

Case 1:07-cv-00011   Document 21-20   Filed 05/09/2007   Page 8 of 8