IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:06-HC-2120-FL

FILED
APR 1 3 2007
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| FRANK EUGENE MAY, ) | |
| ) | |
| Petitioner, ) | MOTION FOR |
| ) | SUMMARY JUDGEMENT |
| v. ) | (Fed. R. Civ. P. 56) |
| ) | |
| PATRICIA R. STANSBERRY, ) | |
| WARDEN, et al., ) | |
| ) | |
| Respondents, ) | |
| ) | |

## RELIEF SOUGHT

COMES NOW, the above named Petitioner asking this Honorable Court for a summary judgment order and GRANT Petitioner's Writ of Habeas Corpus pursuant to Title 28 § 2241, requesting the dismissal of *Count I* (Importation of Cocaine in violation of 21 U.S.C. 952(a)) and *Count II* (Use of a Communication Facility to Import Cocaine in violation of 21 U.S.C. 843 (b)) of his indictment and re-sentence Petitioner to time served on his remaining count.

## GROUNDS FOR RELEIF WITH STATEMENT OF UNDISPUTED FACTS

Petitioner is entitled to relief sought against Respondent because: a recent decision of a higher court or of the same district court or in a companion case controls the petitioner's claim and warrants relief; or, for any other reason, no facts are in dispute.

1.

1. As shown in the accompanying Memorandum in Support and the portions of the records and law on this case cited in that Memorandum, there are no genuine issues of material facts requiring a trial or hearing on this issue in that:

a. On July 17, 2006 petitioner filed a Writ of Habeas Corpus pursuant to Title 28 § 2241 in this Honorable Court stating that an intervening change in substantive law in **United States v. Cabaccang**, (citation omitted) render the petitioner *"Actually Innocent"* of *Count I* and *Count II* of his indictment.

b. On July 26, 2006 this Honorable Court signed an Order allowing said § 2241 to proceed and notified the Respondent that they had 20 days to respond.

c. Respondent's response was a Motion to Dismiss with supporting Memorandum dated August 15, 2006. Which Petitioner opposed through a motion on August 31, 2006. This Honorable Court denied Respondent's Motion to Dismiss by Order on January 15, 2007.

d. Respondent's then filed a Motion for Extension of Time and Request to File Out-of-Time Answer or Response, on February 22, 2007. Petitioner again opposed through motion on March 1, 2007. Respondent's motion was GRANTED by this Honorable Court on March 7, 2007. Allowing the Respondent's to answer by March 23, 2007.

e. Respondent's then filed a Motion to Transfer 28 U.S.C. § 2241 Action to the District of Petitioner's Sentencing on March 3, 2007. Four (4) days prier to this Honorable Court granting their extension of time to answer. Petitioner again opposed this transfer of action through Motion and Memorandum in Support on March 16, 2007.

2. On these undisputed facts, the defendant is entitled to judgment as a matter of law because, for the reasons set out more fully in the accompanying Memorandum of Law:

a. Respondent's failed to respond by midnight of the date of the extension GRANTED of March 23, 2007.

2.

b. By not responding on time and not disputing the claims, a concession has been made by the Respondent as to the merits of Petitioner's Writ of Habeas Corpus and should be GRANTED.

c. As a matter of law, Respondent is unable to dispute any of the facts of law on which this motion is based or choose not to.

d. Respondent is trying to piecemeal litigation and argues Jurisdiction again through a Motion to Transfer. This Honorable Court has already accepted jurisdiction over this case and it is merely a *question of law* that this Honorable Court is asked to address on its merits.

e. Petitioner believes that this Honorable Court can and should GRANT summary judgment and GRANT Petitioner's Writ of Habeas Corpus pursuant to Title 28 § 2241 with out an evidentiary hearing. Because as is further shown in the attached Memorandum of Law in Support, this is about a matter of law. There are no genuine issues as to any material facts in dispute. Therefore no evidentiary hearing is needed.

## RECORD FOR MOTION

This motion is based on this document, and on the Memorandum of Law served and filed with this motion. Petitioner May further relies on all of the pleadings, papers and records on file in this action. Respectfully submitted this 9th day of April, 2007.

Frank Eugene May, pro se
Reg. No. 00082-005
Low Security Correctional Institution
P.O. Box 999
Butner, North Carolina 27509

3.

## CERTIFICATE OF SERVICE

I, Frank Eugene May, hereby certify that I have caused the forgoing, Motion for Summary Judgment and Memorandum in Support (Fed. R. Civ. P. 56), to be served upon the below mentioned party by placing the same into the Legal Mail here at the Low Security Institution Butner with the proper postage affixed, marked First Class properly addressed to **Assistant United States Attorney, Steve R. Matheny, Civil Division, 310 New Bern Avenue, Suite 800, Raleigh, North Carolina 27601-1461.**

Respectfully submitted this 9th day of April, 2007

Frank Eugene May
Reg. No. 00082-005

Frank May
No. 00082-005
Security Correctional Institution
Box 999
Butner, NC 27509

RECEIVED
APR 12 2007
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC

United States District Court
Office of the Clerk
For the Eastern District of North Carolina
Western Division, Terry Sanford Bldg.,
310 New Bern Ave.
Raleigh, North Carolina 27601