IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED

APR 1 3 2007

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____
_____ DEP CLK

No: 5:06-HC-2120-FL

FRANK EUGENE MAY,                    )
                                     )      MEMORANDUM IN SUPPORT
        Petitioner,                  )      OF MOTION FOR
                                     )      SUMMARY JUDGEMENT
        v.                           )      (Fed. R. Civ. P. 56)
                                     )
PATRICIA R. STANSBERRY,              )
WARDEN, et al.,                      )
                                     )
        Respondents,                 )
_____)

## INTRODUCTION

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)

(emphasis added). In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed.

2d 202 (1986) , the Supreme Court explained that only "facts that might affect the outcome of the

suit under the governing law" are material. Id. at 248 . Moreover, a dispute over a material fact is

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Id. The court further explained that, in considering a motion for summary judgment, a

1.

judge's function is limited to determining whether sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a jury for resolution at trial. Id. at 249 . In that context, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) .

"Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW*, 187 F.3d 415, 422 (4th Cir. 1999)) . Thus, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 at 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 . If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50 . Similarly, the existence of a mere "scintilla" of evidence in support of the nonmoving party's case is insufficient to preclude an order granting summary judgment. Id. at 252 .

A genuine issue of material fact may exist if the evidence presented to the court is sufficient to indicate the existence of a factual dispute that could be resolved in favor of the non-moving party at trial. *Rachel-Smith v. FTData*, 247 F. Supp. 2d 734, 742 (D. Md. 2003) (citing *Anderson*, 477 U.S. at 248-49 ). Moreover, any inferences drawn from disputed evidence must be accorded to the non-moving party. See *Matsushita*, 475 U.S. at 587-88; *EEOC v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).

There are no genuine issues of material facts in this case. Here the Petitioner would not

2.

and could not be convicted by a reasonable jury under *United States v. Cabaccang*, 332 F.3d. 622, clarified by 341 F.3d. 905 (9th Cir. 2003), for the conduct that Petitioner is accused of, therefore he is innocent. A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, supra, here there is no genuine issues of material fact in dispute.

## GROUNDS FOR RELEIF WITH STATEMENT OF UNDISPUTED FACTS

1. Petitioner is entitled to relief sought against Respondent because a recent decision of a higher court or of the same district court or in a companion case controls the petitioner's claim and warrants relief; or for any other reason, no facts are in dispute:

a. The United States Court of Appeals for the 9th Circuit, En Banc ruled in *United States v. Cabaccang*, 332 F.3d. 622, clarified by 341 F.3d. 905 (9th Cir. 2003), "established that the transit of drugs through international airspace en-route to Guam from California does not constitute "Importation" within the meaning of Title 21 U.S.C. § 952(a)". Therefore it is the petitioner's contention that he is "actually innocent" of violating Title 21 U.S.C. § 952 (a) (Count I) and any related charges, (Count II a violation of Title 21 U.S.C. § 843(b)). "Petitioner stands convicted of an act the law does not make criminal" *Bousley v. United States*, 523 U.S. 614,620, 140 L.Ed.2d. 828, 118 S.Ct. 1604(1998). As does the Petitioner in this matter.

b. On July 26,2006 this Honorable Court signed an Order allowing Petitioner's Writ of Habeas Corpus pursuant to Title 28 § 2241 to proceed, because as stated "it does not clearly appear from the face of the petition that the petitioner is not entitled to relief, thus this matter is allowed to proceed". In its Order this Honorable Court notifies the Respondent that they have twenty (20) days to respond.

3.

c.     On August 15, 2006, Respondent's filed a Motion to Dismiss pursuant to Fed.R.Civ. P. 12
       (b) (1). Respondent's claimed that this court lacked jurisdiction and that Petitioner should
       have filed a § 2255 not a Writ of Habeas Corpus pursuant to Title 28 § 2241. These were
       the only arguments that the Respondent's made to Petitioner's claim of being "actually
       innocent" due to an intervening change in substantive law in *United States v.Cabaccang*,
       supra, and "The Petitioner stands convicted of an act that the law does not make criminal",
       *Bousley v. United States*, 523 U.S. 614,620, 140 L.Ed.2d. 828, 118 S.Ct. 1604(1998).
       Respondent's Motion to Dismiss was denied by this Honorable Court on January 15, 2007.
       Finding that Petitioner did show that a § 2255 was "inadequate or ineffective" under the
       standards set out in *In re Jones*, 226 F.3d. 328 (4th Cir. 2000) and ordered this matter to
       proceed.

d.     On February 22, 2007 the Respondent's filed a Motion for Extension of Time and Request
       to File Out-of-Time Answer or Response. Stating that "the United States has been in the
       process of investigating the claims, and had thought that an earlier motion to continue had
       been prepared and filed". This Honorable Court granted the Respondent's motion and gave
       the Respondent the date of March 23, 2007 to answer to Petitioner's claims. The
       Respondent never answered to these "investigated claims".

e.     On March 3, 2007 Respondents then filed a Motion to Transfer 28 U.S.C. § 2241 Action to
       the District of Petitioner's Sentencing, pursuant to Title 28 U.S.C. § 1631. Respondent's did
       not answer to the Petitioner's § 2241 claims but are trying to lay them off by having
       Petitioner's claims argued in another jurisdiction again. Through its Motion to Transfer,
       respondents are requesting for transfer/jurisdiction in an attempt to not answer Petitioner's
       claims.

4.

2.  On these unanswered/undisputed facts, the defendant is entitled to judgment as a matter of law because:

    In Petitioner-initiated summary proceedings "The [Supreme] Court stated in *__Walker v.__ __Johnston__*, 312 U.S. 275, 283, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941) that there could be situations where 'on the facts admitted, it may appear that, as a matter of law, the prisoner is entitled to the writ and to a discharge,'".

a.  Respondents after asking this Honorable Court for the extension of time to answer, (See Respondent's Motion for Extension of Time and Request to File Out-of-Time Answer or Response, dated February 22, 2007) chose not to answer by the date that this Honorable Court granted to the Respondents, of March 23, 2007. But instead only requested the transfer of action. (See Respondent's Motion to Transfer 28 U.S.C. § 2241 Action to the District of Petitioner's Sentence pursuant to 28 U.S.C. § 1631 dated March 3, 2007).

b.  Respondent's refusal to respond to the Petitioner's claim after this Honorable Court granted them the extension is a concession to the facts, and their refusal to participate at this stage renders the Petitioner's assertions uncontested. This leaves "nothing specific to, dispute not even the simplest of assertions by the Petitioner which Respondent could easily" refute were they inaccurate.

c.  As a matter of law, *__United States v. Cabaccang__*, supra, is controlling and the bases of Petitioner's claims of his "actual innocence's" to the Importation Counts of his indictment. At the very least Respondent's refusal to dispute the Petitioner's proffered claims demonstrates the lack of any effort on the part of the Respondent to establish the falsity of the merits of this case.

d.  Respondent's have been given notice and opportunity, but have responded with merely a

5.

general denial, and are trying to stall a ruling by this Honorable Court by there continual piecemealing motions to this court in an attempt to stall or delay a ruling. Neither due process nor the rule of law in general grants a party the right to participate only in the court procedures (jurisdictional arguments) they deem best or to present their proof whenever it suits them. The respondent's squandered their opportunity to be heard by purposely not participating in a meaningful way and answering to the merits even with this Honorable Courts extension granted to them. Although the moving party must provide more than a conclusory statement that there are no genuine issues of material fact to support a motion for summary judgment, it "'need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case.'" *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393-94 (4th Cir. 1994) (quoting 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2720, at 10 (2d ed. Supp. 1994)); see also *Celotex,* 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case."). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party's evidence must be probative, not merely colorable, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256, and cannot be "conclusory statements, without specific evidentiary support," *Causey v. Balog,* 162 F.3d 795, 802 (4th Cir. 1998). The record in this case speaks for itself. The Respondents have beaten around the bush enough times in this matter of law and this Honorable Court is asked to grant Petitioner's relief sought, so that the

6.

interest of justice can prevail.

e.  If, after reviewing the record as a whole, a rational factfinder could not find for the
    nonmoving party, summary judgment is appropriate since there is no genuine issue of
    material fact for determination at trial. See *Matsushita Elec. Indus. Co. v. Zenith Radio
    Corp.*, 475 U.S. 574, 587 (1986). Petitioner has shown in his pleadings and papers of this
    case, that there is no genuine issue as to any material fact and that he is entitled to a
    judgment as a matter of law. No evidentiary hearing is necessary in this matter because it
    does not involve any facts in dispute as to the Petitioner's claims or evidence or witness to
    resolve, it is only a question of law to be applied in favor of the Petitioner.

## CONCLUSION

Therefore, for all reasons stated, in this Motion and Memorandum of Law, and all of the
pleadings, papers and records on file in this action. Petitioner asks this Honorable Court to see
the truth of law and rule in favor of the Petitioner as the law proscribes.

Petitioner would like to ask this Court to liberally construe this motion as he is still acting
in pro se. *Haines v. Kerner*, 405 U.S. 591 (1972) and the Fourth Circuit's *Gordon v. Leeke*, 574
F.2d. 1147 (4th Cir. 1978).

## RELIEF SOUGHT

Petitioner is asking in this request for summary judgment that this Honorable Court
GRANT his Writ of Habeas Corpus pursuant to Title 28 § 2241 and dismiss Count I (Importation
of Cocaine in violation of 21 U.S.C. § 952(a)) and Count II (Use of a Communication Facility to
Import Cocaine in violation of 21 U.S.C. § 843(b)) of his indictment and re-sentence Petitioner

7.

on the remaining Count III, to time served. Petitioner has served enough time to satisfy the full

sentence on the remaining count with his good-time credit already earned. Petitioner asks this

Honorable Court to Order the immediate release of Petitioner from the custody of the

Respondent and the Federal Bureau of Prisons. Petitioner asks this Honorable Court for a Full

Term Release from custody of Respondent's.

Respectfully submitted this $\cancel{9}^{th}$ day of April, 2007.

Frank Eugene May, pro se
Reg. No. 00082/005
Low Security Correctional Institution
P.O.Box 999
Butner, North Carolina 27509

8.

## CERTIFICATE OF SERVICE

I, Frank Eugene May, hereby certify that I have caused the forgoing, Motion for Summary

Judgment and Memorandum in Support (Fed. R. Civ. P. 56), to be served upon the below

mentioned party by placing the same into the Legal Mail here at the Low Security Institution

Butner with the proper postage affixed, marked First Class properly addressed to **Assistant**

**United States Attorney, Steve R. Matheny, Civil Division, 310 New Bern Avenue, Suite 800,**

**Raleigh, North Carolina 27601-1461.**

Respectfully submitted this ⟋⟍ day of April, 2007

Frank Eugene May
Reg. No. 00082-005