IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-HC-2120-FL

| | |
|---|---|
| FRANK EUGENE MAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, et ) | |
| al., ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on the "motion to transfer case to the district of petitioner's sentencing" (DE # 12) of respondent Patricia R. Stansberry (hereinafter "respondent"). Also before the court is the motion for summary judgment (DE # 18) of petitioner Frank Eugene May (hereinafter "petitioner"). These matters are ripe for disposition. For the following reasons, the court grants respondent's motion to transfer and declines to consider petitioner's motion for summary judgment.

STATEMENT OF THE CASE

On August 3, 1993, in the United States District Court for the Territory of Guam, petitioner was convicted of importation of cocaine, use of a communication facility to import cocaine, and being a felon in possession of a firearm pursuant to 21 U.S.C. §§ 952 and 843(b), and 18 U.S.C. § 922(g)(1), respectively. (Pet'r's Mem. Supp. at iii.) On December 17, 1993, petitioner was sentenced to a term of three hundred twenty-seven (327) months imprisonment, with a three-year term of supervised release. (Id.) Petitioner thereafter filed a timely appeal to the Ninth Circuit Court of Appeals, which affirmed petitioner's conviction on April 10, 1995. See United States v. May, 52 F.3d 335 (9th Cir. April 10, 1995) (unpublished).

Following the court of appeal's decision, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Territory of Guam. (Pet'r's Mem. Supp. at iii.) In his § 2255 motion, petitioner argued that the precedent governing his conviction, United States v. Perez, 776 F.2d 797 (9th Cir. 1985), was incorrect because the shipping of a controlled substance from California to Guam through international airspace does not constitute importation within the terms of 21 U.S.C. § 952(a). (Id.) This motion was denied. (Id.) Petitioner states that he subsequently filed a certificate of appealability and a petition for a writ of mandamus, both of which were denied. (Id.)

On July 17, 2006, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner contends that he is actually innocent of his importation of cocaine conviction pursuant to the Ninth Circuit Court of Appeal's ruling in United States v. Cabaccang, 332 F.3d 622, 637 (9th Cir. 2003). Petitioner asserts that Cabaccang overruled Perez, the law in effect at the time of his conviction. Respondent filed a motion to dismiss on August 15, 2006, arguing that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner filed a response on September 6, 2006. On January 17, 2007, the court denied respondent's motion to dismiss. Specifically, the court stated that petitioner was attacking the legality of his conviction and sentence, and thus his action should have been brought pursuant to § 2255. The court further stated that because petitioner had filed a previous petition pursuant to § 2255, he was required to demonstrate that § 2255 was an "inadequate or ineffective remedy" to proceed pursuant to § 2241. Upon examination of petitioner's claim, the court found petitioner demonstrated § 2255 was an "inadequate or ineffective remedy" because he satisfied the criteria set forth in In re Jones, 226 F.3d

328 (4th Cir. 2000). Accordingly, the court allowed petitioner to proceed with his claim pursuant to § 2241.

On March 3, 2007, respondent filed a motion to transfer this case to the United States District Court for the Territory of Guam, which was the district court of petitioner's sentencing. Petitioner filed a response on March 19, 2007. Petitioner then filed a motion for summary judgment on April 13, 2007.

## DISCUSSION

Respondent argues that this matter should be transferred to petitioner's sentencing court, the United States District Court for the Territory of Guam, for adjudication of his actual innocence claim. A district court has the discretion to transfer a matter pursuant to 28 U.S.C. § 1631 if "it is in the interest of justice." Respondent relies upon Conley v. Crabtree, 14 F. Supp. 2d 1203 (D. Or. 1998), which states that if an action is within the class of cases in which a petitioner challenges his conviction and sentence through a § 2241 petition, then the case should be transferred to the district in which the petitioner was convicted and sentenced. See also Hill v. Daniels, No. Civ. 05-1292-AA, 2005 WL 2249858, * 2 (D. Or. Sept. 14, 2005). The court in Conley reasoned that "the sentencing court, and the offices of the United States Attorney and the public defender that participated in the earlier proceeding, usually will be more familiar with the details of the case than their counterparts in [another district]." Conley, 14 F. Supp. 2d at 1207. Additionally, in the event a non-sentencing court vacated a § 2241 petitioner's conviction, the action would need to be transferred to the sentencing court for further proceedings. Id.

In this case, it is in the interest of justice to transfer petitioner's claim to the sentencing court because petitioner's petition is within the class of § 2241 petitions in which petitioner is challenging

3

his conviction and sentence. Moreover, the sentencing court is the more appropriate forum because the witnesses, relevant documents, probation office, and United States Attorney who tried petitioner all are located within the sentencing court's jurisdiction. Additionally, as stated, in the event petitioner prevails on his claim, it is likely that the action would be transferred to the sentencing court for re-sentencing. Finally, the Fourth Circuit has not dealt with the issues presented in Cabaccang. However, due to the Ninth Circuit's unique geographic location, the issues in Cabaccang have been presented to that appellate court and a body of case law has been established. Accordingly, based upon the foregoing, the matter should be transferred to the United States District Court for the Territory of Guam.

## CONCLUSION

For the foregoing reasons, respondent's "motion to transfer case to the district of petitioner's sentencing" (DE # 12) is GRANTED. It is ORDERED that this action is TRANSFERRED to the United States District Court for the Territory of Guam for further proceedings. Because this case is being transferred from this court's jurisdiction, this court declines to rule upon petitioner's motion for summary judgment (DE # 18).

SO ORDERED, this 3rd day of May, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

4